THE LAW OFFICES OF SCOTT B. TULMAN
& ASSOCIATES, PLLC
Susan Papano (SP-2294)
369 Lexington Avenue, 15th Floor
New York, NY 10017
(212) 867-3600
Attorneys for Defendants

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
----------------------------------------------------------------x

MANUEL VICTORIO DE LOS SANTOS, MARCOS
BRAVO, MISAEL GENIS CARILLO and SERGIO
OSWALDO CALLE, individually and on behalf of          **INDEX NO.   16-cv-05472  (VSB)**
Others similarly situated,

                                          Plaintiffs,

                   against-                                **ANSWER WITH**
                                                           **COUNTERCLAIMS**

OPAI THAI INC. (d/b/a OPAI THAI), and
YAN BING CHEN,
                                          Defendants.
----------------------------------------------------------------x


        Defendants Opai Thai Inc. (d/b/a Opai Thai) (the "Restaurant") and Yan Bing

Chen (collectively with the Restaurant, "Defendants"), by their attorneys, The Law

Offices of Scott B. Tulman & Associates, PLLC, answer and respond to the complaint of

Manuel Victorio De Los Santos ("Victorio"), Marcos Bravo ("Bravo"), Misael Genis

Carillo ("Carillo") and Sergio Oswaldo Calle ("Calle") (collectively, "Plaintiffs"), as

follows:

        1.       Defendants admit the allegations contained in paragraph 1.

        2.       Defendants admit the allegations contained in paragraph 2.

        3.       Defendants deny the allegations contained in paragraph 3, except admit

that Victorio was employed as a cook, Bravo was employed as a cook and cook's helper,

Carillo was employed as a cook's helper and Calle was employed as a cook's helper.

4.      Defendants deny the allegations contained in paragraph 4.

5.      Defendants deny the allegations contained in paragraph 5.

6.      Defendants deny the allegations contained in paragraph 6.

7.      Defendants deny the allegations contained in paragraph 7.

8.      Defendants deny the allegations contained in paragraph 8.

9.      Defendants believe no response is required to the allegations contained in paragraph 9 insofar as the allegations state conclusions of law; however, to the extent a response is required, Defendants deny the allegations contained in this paragraph.

10.     Defendants believe no response is required to the allegations contained in paragraph 10 insofar as the allegations state conclusions of law; however, to the extent a response is required, Defendants deny the allegations contained in this paragraph.

11.     Defendants admit the allegations contained in paragraph 11.

12.     Defendants admit the allegations contained in paragraph 12.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the allegations contained in paragraph 13, except admit that Victorio is an adult individual and deny that he was employed by Defendants "from approximately January 2015 until on or about June 2015 and from approximately January 2016 until on or about July 2016."

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, except admit that Bravo is an adult individual and deny that he was employed by Defendants "from approximately December 2014 until on or about July 2016."

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, except admit that Carillo is an adult individual and deny that he was employed by Defendants from "approximately January 2014 until on or about June 2014, and from approximately December 2015 until July 2016."

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, except admit that Calle is an adult individual and deny that he was employed by Defendants from "approximately January 2014 until on or about June 2014 and from approximately December 2015 until on or about July 2016."

17.     Defendants admit the allegations contained in paragraph 17.

18.     Defendants admit the allegations contained in paragraph 18.

19.     Defendants believe no response is required to the allegations contained in paragraph 19 as the allegations state conclusions of law.

20.     Defendants admit the allegations contained in paragraph 20.

21.     Defendants admit the allegations contained in paragraph 21.

22.     Defendants believe no response is required to the allegations contained in paragraph 22; however, to the extent a response is required, Defendants deny the allegations.

23.     Defendants admit the allegations contained in paragraph 23.

24.     Defendants admit the allegations contained in paragraph 24.

25.     Defendants admit the allegations contained in paragraph 25.

26.     Defendants admit the allegations contained in paragraph 26.

27.     Defendants deny the allegations contained in paragraph 27.

28.     Defendants deny the allegations contained in paragraph 28.

29.     Defendants believe no response is required to the allegations contained in paragraph 29; however to the extent a response is required, Defendants deny the allegations.

30.     Defendants believe no response is required to the allegations contained in paragraph 30; however to the extent a response is required, Defendants deny the allegations.

31.     Defendants deny the allegations of paragraph 31.

32.     Defendants believe no response is required to the allegations contained in paragraph 32 insofar as the allegations state conclusions of law; however, to the extent a response is required, Defendants deny the allegations.

33.     Defendants deny the allegations contained in paragraph 33.

34.     Defendants admit the allegations contained in paragraph 34.

35.     Defendants admit that Plaintiffs are former employees of Defendants but deny the remaining allegations contained in paragraph 35.

36.     Defendants believe no response is required to the allegations contained in paragraph 36 insofar as the allegations state conclusions of law.

37.      Defendants deny the allegations contained in the allegations contained in paragraph 37, except admit that Plaintiff Victorio was employed by Defendants.

38.     Defendants admit the allegations contained in paragraph 38.

39.     Defendants admit the allegations contained in paragraph 39.

40.     Defendants deny the allegations contained in paragraph 40.

41.     Defendants deny the allegations contained in paragraph 41.

42.     Defendants deny the allegations contained in paragraph 42.

43.     Defendants deny the allegations contained in paragraph 43.

44.     Defendants deny the allegations contained in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45.

46.     Defendants deny the allegations contained in paragraph 46.

47.     Defendants deny the allegations contained in paragraph 47.

48.     Defendants deny the allegations contained in paragraph 48.

49.     Defendants deny the allegations contained in paragraph 49.

50.     Defendants deny the allegations contained in paragraph 50.

51.     Defendants deny the allegations contained in paragraph 51.

52.     Defendants deny the allegations contained in paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53.

54.     Defendants deny the allegations contained in paragraph 54.

55.     Defendants deny the allegations contained in paragraph 55, except admit

that Defendant was employed by Defendants.

56.     Defendants deny the allegations contained in paragraph 56.

57.     Defendants admit the allegations contained in paragraph 57.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants deny the allegations contained in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63.

64.     Defendants deny the allegations contained in paragraph 64.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69 except admit that Carillo was employed by Defendants.

70.     Defendants deny the allegations contained in paragraph 70.

71.     Defendants admit the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.     Defendants deny the allegations contained in paragraph 73.

74.     Defendants deny the allegations contained in paragraph 74.

75.     Defendants deny the allegations contained in paragraph 75.

76.     Defendants deny the allegations contained in paragraph 76.

77.     Defendants deny the allegations contained in paragraph 77.

78.     Defendants deny the allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants deny the allegations contained in paragraph 83.

84.     Defendants deny the allegations contained in paragraph 84.

85.     Defendants deny the allegations contained in paragraph 85, except admit that Calle was employed by Defendants.

86.     Defendants deny the allegations contained in paragraph 86.

87.     Defendants admit the allegations contained in paragraph 87.

88.     Defendants deny the allegations contained in paragraph 88.

89.     Defendants deny the allegations contained in paragraph 89.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants deny the allegations contained in paragraph 91.

92.     Defendants deny the allegations contained in paragraph 92.

93.     Defendants deny the allegations contained in paragraph 93.

94.     Defendants deny the allegations contained in paragraph 94.

95.     Defendants deny the allegations contained in paragraph 95.

96.     Defendants deny the allegations contained in paragraph 96.

97.     Defendants deny the allegations contained in paragraph 97.

98.     Defendants deny the allegations contained in paragraph 98.

99.     Defendants deny the allegations contained in paragraph 99.

100.    Defendants deny the allegations contained in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101.

102.    Defendants deny the allegations contained in paragraph 102.

103.    Defendants deny the allegations contained in paragraph 103.

104.    Defendants deny the allegations contained in paragraph 104.

105.    Defendants deny the allegations contained in paragraph 105.

106.    Defendants deny the allegations contained in paragraph 106.

107.    Defendants deny the allegations contained in paragraph 107.

108.    Defendants deny the allegations contained in paragraph 108.

109.    Defendants deny the allegations contained in paragraph 109.

110.    Defendants deny the allegations contained in paragraph 110.

111.    Defendants deny the allegations contained in paragraph 111.

112.    Defendants deny the allegations contained in paragraph 112.

113.    Defendants believe no response is required to the allegations in paragraph 113 of the Complaint insofar as the allegations state conclusions of law.

114.    Defendants deny the allegations contained in paragraph 114.

115.    Defendants deny the allegations contained in paragraph 115.

116.    Defendants repeat and re-allege their prior responses to the allegations contained in paragraphs 1 through 115 as if more fully set forth at length herein.

117.    Defendants believe no response is required to the allegations contained in paragraph 117 insofar as the allegations state conclusions of law; however, to the extent a response is required Defendants deny these allegations.

118.    Defendants admit the allegations contained in paragraph 118.

119.    Defendants admit the allegations contained in paragraph 119.

120.    Defendants deny the allegations contained in paragraph 120.

121.    Defendants deny the allegations contained in paragraph 121.

122.    Defendants deny the allegations contained in paragraph 122.

123.    Defendants repeat and re-allege their prior responses to the allegations contained in paragraphs 1 through 122, as if more fully set forth at length herein.

124.     Defendants believe no response is required to the allegations contained in paragraph 124 insofar as the allegations state conclusions of law; however, to the extent a response is required Defendants deny these allegations.

125.     Defendants believe no response is required to the allegations contained in paragraph 125 insofar as the allegations state conclusions of law; however, to the extent a response is required Defendants deny these allegations.

126.     Defendants believe no response is required to the allegations contained in paragraph 126 insofar as the allegations state conclusions of law; however, to the extent a response is required Defendants deny these allegations.

127.     Defendants deny the allegations of paragraph 127.

128.     Defendants deny the allegations of paragraph128.

129.     Defendants deny the allegations of paragraph 129.

130.     Defendants repeat and re-allege their prior responses to the allegations contained in paragraphs 1 through 129 as if more fully set forth at length herein.

131.     Defendants believe no response is required to the allegations contained in paragraph 131 insofar as the allegations state conclusions of law; however, to the extent a response is required Defendants deny these allegations.

132.     Defendants deny the allegations contained in paragraph 132.

133.     Defendants deny the allegations contained in paragraph 133.

134.     Defendants deny the allegations contained in paragraph 134.

135.     Defendants repeat and re-allege their prior responses to the allegations contained in paragraphs 1 through 134 as if more fully set forth at length herein.

136.     Defendants deny the allegations contained in paragraph 136.

137.    Defendants deny the allegations contained in paragraph 137.

138.    Defendants deny the allegations contained in paragraph 138.

139.    Defendants repeat and re-allege their prior responses to the allegations contained in paragraphs 1 through 138 as if more fully set forth at length herein.

140.    Defendants deny the allegations contained in paragraph 140.

141.    Defendants deny the allegations contained in paragraph 141.

142.    Defendants deny the allegations contained in paragraph 142.

143.    Defendants repeat and re-allege their prior responses to the allegations contained in paragraphs 1 through 142 as if more fully set forth at length herein.

144.    Defendants deny the allegations contained in paragraph 144.

145.    Defendants deny the allegations contained in paragraph 145.

146.    Defendants repeat and re-allege their prior responses to the allegations contained in paragraphs 1 through 145 as if more fully set forth at length herein.

147.    Defendants deny the allegations contained in paragraph 147.

148.    Defendants deny the allegations contained in paragraph 148.

### DEFENDANTS' AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST
### AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because they fail to state claims upon which relief may be granted, or are contradicted by documentary evidence.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by their own actions and/or omissions.

### AS AND FOR A THIRD

## AFFIRMATIVE DEFENSE

The Plaintiffs are barred from asserting claims against the Defendants by the doctrine of unclean hands, waiver, and/or estoppel.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiffs have failed to mitigate any damages they may have incurred.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

The Defendants provided all notices, if any, required under New York State Labor Law, with respect to any matter alleged in the Complaint.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

The Plaintiffs received all compensation to which they were entitled.

## AS AND FOR AN SEVENTH
## AFFIRMATIVE DEFENSE

The Plaintiffs are barred from pursuing their claims by the statute of limitations and/or the equitable doctrine of laches.

## AS AND FOR A EIGHTH
## AFFIRMATIVE DEFENSE

The Defendants reserve the right to assert other affirmative defenses as may be warranted as discovery proceeds.

## COUNTERCLAIMS BY CHEN AGAINST
## PLAINTIFF SERGIO OSWALDO CALLE

### Factual Allegations

1.      Plaintiff Sergio Oswaldo Calle ("Calle") was employed by Defendants as

a kitchen worker.  Among his other duties, he was responsible for making dim sum.  The

dim sum preparation area was located in an area separate from the rest of the kitchen, in the lower level of the restaurant.   He was usually the only person in that area.

2.       The dim sum preparation area houses the Restaurant's commercial walk-in refrigerator and freezer.  The freezer's door closes automatically when opened.

3.       Defendant Yan Bing Chen ("Chen") also worked in the kitchen.  She was often required to go down to the lower level by herself, to carry food items to and/or from the walk-in refrigerator and freezer.  Her hands were usually full, as she carried large trays into or out of the refrigerator and freezer.

4.       On numerous occasions, Calle followed Chen into the walk-in refrigerator and freezer, for no work-related reason, and touched her inappropriately and offensively while her back was turned and her hands were full, pushing himself onto her, groping her from behind, and touching or slapping her buttocks.

5.       Additionally, on several occasions, Calle did not come into the freezer or refrigerator, but stood up and moved toward Chen as she walked to the freezer "as if" he were going to follow her inside and grope her.

6.       Initially, Chen responded by hitting Calle with her elbow, pushing him away, and telling him to stop.  On these occasions, Calle feigned ignorance, or claimed that his inappropriate contact was accidental.

7.       After several incidents of his inappropriate and offensive contact, Chen told Calle that if he did not stop she would scream, or fire him and report him to the police.  He responded that if she took any of these actions against him he would leave and "take all the" kitchen workers with him, leaving her unable to keep the restaurant open.

8.      Upon information and belief, the remaining Plaintiffs in this case, i.e. Victorio, Bravo and Carillo were the kitchen workers to whom Calle was referring, as the remaining Plaintiffs were the only other kitchen workers employed by Defendants at the time of Calle's employment.

9.      Also beginning in early 2016, Plaintiffs Calle, Victorio and Carillo began taking beer from the restaurant's bar and drinking it in the restaurant after it was closed for the evening.  Often the Plaintiffs would drink two or three beers each and become visibly intoxicated.  Chen always told Plaintiffs that they were not allowed to drink beer in the restaurant and were not allowed to take the beer, in any event, without paying for it.  Plaintiffs consistently ignored her, often going so far as to stare at her as they walked to the bar and took more beer, or laughing at her.  During these drinking sessions, Plaintiffs Victorio, Carillo and Calle would often behave very aggressively while Chen tried to finish her work for the night.

10.     Plaintiffs' actions created in Chen a reasonable apprehension of bodily harm or offensive contact.  She had no recourse but to leave them alone and wait until they were done drinking before locking up for the evening.

11.     These actions by the Plaintiffs led Chen to fear additional physical contact and injury by Calle during the times she went into the dim sum area where he worked.

12.     After yet another inappropriate touching incident, Chen informed Calle that she was going to fire him for his behavior.  Shortly thereafter, on July 2, 2016, Plaintiffs quit their jobs at the Restaurant.

## FIRST COUNTERCLAIM AGAINST
## SERGIO OSWALDO CALLE (ASSAULT)

13.     Defendants repeat and reallege paragraphs 1 through 12 of this Counterclaim as if fully set forth herein.

14.     On numerous occasions in 2016 Calle attempted or threatened to inflict injury upon Chen through inappropriate touching and groping.

15.     Calle intended to cause apprehension of actual harmful and offensive contact.

16.     Calle's inappropriate attempts and threats to inflict injury upon Chen through inappropriate touching and groping created a reasonable apprehension and fear by Chen that he would cause her bodily harm.

17.     Chen suffered substantial pain and suffering as a result of Calle's inappropriate and offensive actions in threatening bodily contact with Chen and actually touching and groping her on numerous occasions.

## SECOND COUNTERCLAIM AGAINST
## SERGIO OSWALDO CALLE (BATTERY)

18.     Defendants repeat and reallege paragraphs 1 through 17 of this Counterclaim as if fully set forth herein.

19.     Calle intentionally touched, groped and applied force to, the body of Chen.

20.     Such touching, groping and application of force to Chen's body by Calle was harmful and offensive.

21.     Such touching, groping and application of force to Chen's body by Calle was done without Chen's consent.

**22.**     Chen suffered substantial pain and suffering as a result of Calle's inappropriate and offensive actions in threatening bodily contact with Chen and actually touching and groping her on numerous occasions.

**PRAYER FOR RELIEF**

Wherefore, Defendants respectfully request that a judgment be entered granting the following relief:

**1.     As to Plaintiffs' Complaint:**

(a)     Denying Plaintiffs' request that this action be designated a collective action;

(b)     Denying Plaintiffs' request for an Order Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including prospective collective class members);

(c)     Denying Plaintiffs' request for an Order Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including prospective collective class members);

(d)     Denying Plaintiffs' request for an Order Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (including prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Denying Plaintiffs' request for an Order Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including prospective collective class members);

(f)     Denying Plaintiffs' claims for compensatory damages in the amount of unpaid minimum wage and overtime wages, improper deductions or credits taken against wages under the FLSA;

(g)     Denying Plaintiffs' claims for liquidated damages under the FLSA;

(h)     Denying Plaintiffs' request for an Order declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Denying Plaintiffs' request for an Order declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Denying Plaintiffs' request for an Order declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)      Denying Plaintiffs' request for an Order declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL as to Plaintiffs;

(l)      Denying Plaintiffs' request for an Order declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)      Denying Plaintiffs' claims for damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL;

(n)      Denying Plaintiffs' claims for damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to the NYLL;

(o)      Denying Plaintiffs' claims for liquidated damages under the provisions of the NYLL;

(p)      Denying Plaintiffs' claims for pre-judgment and post-judgement interest; and

(q)      Awarding Defendants such other and further relief as this Court deems just and proper.

**2.      As to Defendant Chen's Counterclaims Against Plaintiff Calle:**

(r)      Awarding Chen compensatory damages in an amount not yet determined in connection with Chen's counterclaims against Calle;

(s)      Awarding Chen punitive damages in an amount not less than three times the compensatory damages she is awarded in connection with her counterclaims against Calle;

(t)      Awarding Chen attorneys fees, costs and expenses in connection with her counterclaims against Calle;

(u)      Awarding a set-off to Chen in the amount of Chen's judgment against Calle;

(v)     Awarding Chen pre-judgment and post-judgment interest in connection with her counterclaims against Calle;

(w)     Awarding such other and further relief as this Court deems just and proper.


Dated:          New York, New York
                October 20, 2016


                                        Respectfully submitted,

                                        The Law Offices of Scott B. Tulman
                                        & Associates, PLLC

                                        Attorneys for the Defendants


                              By:       s/ Susan G. Papano_____
                                        Susan G. Papano, Esq.

                                        369 Lexington Avenue
                                        15th Floor
                                        New York, New York  10017
                                        Telephone:  (212) 867-3600
                                        Facsimile:   (212) 867-1914


To:     Michael A. Faillace, Esq.
        Michael A Faillace & Associates, PC
        60 East 42d Street
        Suite 2450
        New York, New York  10165